IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE RIVERA | : |
| v. | :<br>: NO. 13-6931 |
| MAYOR MICHAEL NUTTER, WARDEN<br>OF CURRAN-FROMHOLD CORRECTIONAL<br>FACILITY, and DEPUTY WARDEN OF P.P.S | : |

**NORMA L. SHAPIRO, J.**                                                                                  **AUGUST 5 , 2014**

Before the court is defendants' motion to dismiss plaintiff's complaint.  Plaintiff Jose Rivera, out of custody when he filed this action, alleges that on November 13, 2011 and between September 19, 2013 and November 18, 2013, he was housed in an overcrowded cell at Curran-Fromhold Correctional Facility.  He claims that these conditions violate his constitutional rights.  Plaintiff brings this action under 42 U.S.C. § 1983.  The court granted plaintiff's application to proceed *in forma pauperis* on December 5, 2013.  On March 5, 2014, the City, on behalf of the named defendants, filed a motion to dismiss.  The motion is unopposed.

## I.  BACKGROUND

Plaintiff filed a handwritten complaint alleging counts against three defendants: Mayor Michael Nutter, the warden of Curran-Fromhold Correctional Facility, and the deputy warden of Curran-Fromhold Correctional Facility.[1]  Plaintiff alleges that during his incarceration within the Philadelphia County Prison System he was placed in a three man cell, a two person cell with a plastic boat on the floor for a third inmate, where he was forced to sleep on the boat.[2]  He alleges

---

[1] The original complaint and amended complaint list Curran-Fromhold Correctional Facility as a defendant on the second page.  However, the Clerk of Court has not captioned the case with CFCF as a defendant.

[2] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87.  Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System.  Section X.A. states "plaintiffs do not waive their

that he was involved in fights due to the lack of space and that his food was stolen.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted.  A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III.  DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law.  To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).  The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint appears to allege a Section 1983 claim for violations of his

---

rights to pursue individual claims for monetary damages under federal or state law."  All such actions have been assigned to this court.

Fourteenth Amendment right of due process based on his housing conditions in the Philadelphia Prison System. He alleges he was placed in a three man cell and forced to sleep on the boat. The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[3] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, plaintiff has failed to include any allegations that Mayor Nutter was personally involved in the alleged deprivation of his constitutional rights or that he gave personal direction for the plaintiff's housing conditions. *See Rode*, 845 F.2d at 1207. Plaintiff has also failed to include any allegations specific to the actions of the warden or deputy warden of Curran-Fromhold Correctional Facility. He only makes one statement regarding defendants' involvement, "The Mayor Nutter and Warden, Deputy Warden made this happen." This conclusory statement is not sufficient to state a claim against individual defendants under Section 1983.

### IV. CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.

---

[3] Plaintiff does not allege that he is a pretrial detainee. However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he had not been convicted while in PPS custody.